FILED
ASHEVILLE, N.C.
SEP 1 9 2007
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:07cr69-06 |
| | ) | |
| HAROLD STEVE HARTNESS | ) | |

## ORDER

By Order dated September 11, 2007, a ruling on defendant's motion to revoke the Magistrate Judge's detention order (docket no. 93) was deferred pending further investigation by the Probation Officer into the suitability of the proposed residence and third party custodian. *See United States v. Hartness*, 1:07cr69-06 (W.D. N.C. Sept. 11, 2007) (Order). The Court has since received a report from the Probation Officer making clear that the proposed residence and third party custodian are indeed acceptable and it is thus appropriate to release defendant subject to certain conditions.

Accordingly, for good cause, based on a *de novo* review of the record as a whole, and pursuant to 18 U.S.C. § 3142,

It is hereby **ORDERED** that the Court finds by clear and convincing evidence that a combination of conditions exists that would reasonably assure the appearance of the defendant as required as well as the safety of other persons and the community.

It is therefore further **ORDERED** that defendant's motion to revoke the Magistrate Judge's detention order (docket no. 93) is **GRANTED.**

It is further **ORDERED** that defendant is hereby **RELEASED** from custody pending trial, pursuant to 18 U.S.C. § 3142, on the following conditions:

1. Defendant shall be released to the custody of his wife, Sandra Hartness, who must

1

appear before the Magistrate Judge to be sworn in as the third party custodian prior to defendant's release.

2. Defendant must remain on home confinement and submit to electronic monitoring, as directed by the Probation Officer.

3. Defendant must post a $50,000 bond secured by his personal residence prior to his release.

4. Defendant must not have contact with any of his co-conspirators or witnesses in this case or in *United States v. Ruppe, et al.*, 1:07cr3 (W.D. N.C.).

5. Defendant shall allow the Probation Officer, or other designee, to install software designed to monitor computer activities on any computer he is authorized to use. The defendant shall pay the cost of such services.

6. Defendant shall submit his person, residence, office, or vehicle to a search, from time to time, conducted by the Probation Officer and such other law enforcement personnel as the Probation Officer may deem advisable, without a warrant. Failure to submit to such a search may be grounds for bond revocation. Defendant shall warn other residents or occupants that such premises or vehicles may be subject to searches pursuant to this condition. Such searches shall include computer hard drives, computer disks and other computer files.

7. Defendant must not possess any firearms, destructive devices or other dangerous weapons.

8. Defendant must refrain from the excessive use of alcohol and any use or unlawful possession of a narcotic drug or controlled substance unless prescribed by a licensed

medical professional.

The Clerk is directed to send a copy of this Order to the Marshal's Service, the Probation Office and all counsel of record.

September 19, 2007
Alexandria, VA

/s/
T. S. Ellis, III
United States District Judge